JERRY S. BUSBY
Nevada Bar #001107
ANDRE T. MARQUES
Nevada Bar #014737
COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, Nevada  89102
(702) 366-1125
FAX:  (702) 366-1857
jbusby@cooperlevenson.com
amarques@cooperlevenson.com
Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KATHY VERNE, an individual | Case No. 2:20-cv-01633-JCM-EJY |
| Plaintiff, | |
| vs. | |
| SMITH'S FOOD & DRUG CENTERS, INC., a foreign corporation; DOES I-X, inclusive; and ROE CORPORATIONS I-X, inclusive. | **JOINT PRETRIAL ORDER** |
| Defendants. | |

The parties, by and through their undersigned counsel, hereby submit this Joint Pretrial Order pursuant to Local Rule 16-3. After pretrial proceedings in this cause,

IT IS SO ORDERED:

**I.**

**STATEMENT OF THE FACTS/CONTENTIONS OF THE PARTIES**

This is a premises liability case arising out of an alleged slip and fall that occurred at a local SMITH'S grocery store on March 14, 2019. Specifically, Plaintiff Kathy Verne, alleges she slipped and fell on a foreign object negligently left on the ground. As a result of the incident, Plaintiff alleges that she suffered injuries to her left hip, thigh, and lower back.

**Plaintiff's Contentions:**

Plaintiff contends SMITH'S was aware, or should have been aware, that the area where the incident occurred contained a dangerous condition. Moreover, Plaintiff further contends that SMITH'S

CLAC 6879596.1

should have known the area was unsafe and undertaken to warn Plaintiff. Finally, Plaintiff contends that SMITH'S negligence proximately caused injuries to Plaintiff's back and hip.

**Defendant's Contentions:**

Defendant denies Plaintiff's allegation and contends that it exercised reasonable care and that Plaintiff has failed to establish a prima facie case of negligence.

Defendant denies Plaintiff's allegations of negligence and contends that Plaintiff was also negligent by failing to take actions to prevent the accident from occurring.

Defendant further contends that the injuries claimed by Plaintiff were not proximately caused by the incident at SMITH'S.

Defendant also contends that Plaintiff's alleged future damages should be excluded from consideration by the jury. In the alternative, Defendant contends that Plaintiff's evidence of future damages fails to meet the requisite burden of proof.

## II.

## STATEMENT OF JURISDICTION

Plaintiff resided in Las Vegas, Nevada at the time of the accident; and still resides in Las Vegas, Nevada today. Defendant Smith's Food and Drug Centers, Inc. is a foreign corporation, licensed to do business in the County of Clark, State of Nevada. This matter involves a claim for damages in excess of $75,000. Jurisdiction is therefore based upon diversity of citizenship under 28 U.S.C. § 1332. The parties admit that jurisdiction is proper and admit that venue is proper pursuant to 28 U.S.C. § 1391.

## III.

## LIST OF CLAIMS FOR RELIEF

Plaintiff's Complaint contains causes of action for negligence and premises liability. As a result, Plaintiff is claiming past and future medical expenses.

## IV.

## LIST OF AFFIRMATIVE DEFENSES LISTED IN DEFENDANT'S ANSWER

In addition to affirmatively denying Plaintiff's allegations, SMITH'S has also affirmatively pled the following defenses:

1. Failure to mitigate damages; and

2

CLAC 6879596.1

   2. Comparative negligence.

## V.

### THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF

1. Venue is proper in the United States District Court for the District of Nevada in Las Vegas, Nevada.

2. This lawsuit arises out of a slip and fall that an accident that occurred on March 14, 2019, at the SMITH'S store in Las Vegas, Nevada.

## VI.

### THE FOLLOWING FACTS, ALTHOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY

1. Defendant owned and operated the SMITH'S grocery store located at 5540 Camino Al Norte, North Las Vegas, Nevada.

2. SMITH'S is a resident, for purposes of diversity jurisdiction, of the States of Ohio and Utah.

3. Plaintiff is a citizen and resident of Las Vegas, Nevada.

## VII.

### THE FOLLOWING ARE THE PARTIES' STATEMENT OF OTHER ISSUES OF FACT TO BE DETERMINED UPON TRIAL

A. **Plaintiff:**

1. Liability?
2. Causation of injuries?
3. Reasonableness and necessity of medical treatment?
4. Usual and customary cost of treatment?
5. Damages?


B. **Defendant:**

1. What caused Plaintiff to fall at the SMITH'S store?

2. Whether Plaintiff was negligent?

3. Whether SMITH'S was negligent?

4. Whether Plaintiff can prove that SMITH'S negligently failed to provide a safe

3

CLAC 6879596.1

environment?

5. Whether Plaintiff can prove that SMITH'S negligently failed to warn Plaintiff of a known hazard?

6. Whether Plaintiff can prove that SMITH'S had notice of the alleged hazardous condition prior to the accident?

7. Whether Plaintiff has any supporting or corroborating evidence regarding her claims for future damages?

8. Whether Plaintiff can sustain her burden of proving damages?

9. Whether Plaintiff can prove that the SMITH'S accident proximately caused Plaintiff to incur the medical expenses she is claiming in this litigation?

10. Whether Plaintiff's alleged medical expenses were reasonable and necessary?

11. Whether evidence of Plaintiff's preexisting conditions bars or limits her ability to seek damages herein?

12. Whether Plaintiff's failure to apportion medical treatment between her preexisting medical conditions and those caused by the accident bars or limits her ability to seek damages herein?

13. Whether the subject accident caused any of the injuries alleged by Plaintiff?

## VIII.

### THE FOLLOWING ARE THE CONTESTED ISSUES OF LAW TO BE DETERMINED UPON TRIAL

**A.**  **Plaintiff:**

1. The issues of law raised by the parties' anticipated motions in limine;
2. Duty;
3. Breach;
4. Causation;
5. Damages.

**B.**  **Defendant:**

1. The issues of law raised by the parties' anticipated motions *in limine*;
2. Whether Defendant was negligent?
3. Whether Plaintiff can sustain her burden of proof that she incurred damages?

4

CLAC 6879596.1

4. Whether Plaintiff can prove that the SMITH'S accident proximately caused Plaintiff's claimed injuries?
5. Whether Plaintiff can prove the necessary elements for her causes of action?

## IX.

## EXHIBITS

The following exhibits, although not agreed to as admissible in evidence of this case are subject to be used by the parties:

**(A)** **Plaintiff's Exhibits:**

1. Plaintiff's Complaint for Personal Injury and Negligence (P000001 – P000007);

2. Five photographs of Plaintiff's bodily injuries (P000008 – P000013);

3. Medical records and billing from Dignity Health Emerus – Craig Ranch (P000014 – P000156);

4. Billing from EMBCC Patient Services (P000157 – P000161);

5. Billing from Nightrays (P000162 – P000163);

6. Medical records and billing from Desert Orthopedic Center (P0000164 – P000187);

7. Medical records and billing from Las Vegas Radiology (P000188 – P000197);

8. Medical records and billing from Spinal Rehabilitation Center (P000198 – P000252);

9. Medical records and billing from Lyons Physical Therapy (P000253 – P000285);

10. Medical records and billing from Interventional Pain and Spine Institute (P000286 – P000308);

11. Medical records and billing from Las Vegas Neurosurgical Institute (P000309 – P000319);

12. Medical records and billing from Surgical Arts Center (P000320 – P000323);

13. Future cost estimate form Interventional Pain and Spine Institute (P000324 – P000325);

14. Video of the subject incident.

All documents provided by the defense.

**(B)** **Defendant's exhibits:**

1. Incident Report (DEF-0000001 – DEF-0000003);

2. Customer Statement (DEF-0000004 – DEF-0000005);

5

3. Letter from Sedgwick CMS to Kathy Verne dated March 21, 2019 (DEF-0000006);

4. Letter from Nathan S. Deaver, Esq. to CSC Services of Nevada, Inc. dated April 12, 2019 (DEF-0000007);

5. Letter from Sedgwick CMS to Kathy Verne dated April 15, 2019 (DEF-0000008);

6. Letter from Sedgwick CMS to Nathan Deaver, Esq. dated April 19, 2019 (DEF-0000009);

7. Letter from Nathan S. Deaver, Esq. to Sedgwick CMS dated May 12, 2020 (DEF-0000010 – DEF-0000013) (Exhibits will be produced upon request);

8. Letter from Nathan S. Deaver, Esq. to Sedgwick CMS dated June 8, 2020 (DEF-0000014 – DEF-0000015); and

9. Sweeps Floor Inspection Report (DEF-0000016 – DEF-0000017).

10. One (1) compilation DVD from the day of the incident: 30192204287 – Kathy Verne – Date of Loss: 03/14/2019– Store 345 – DXA Files (1 of 1)

11. Plaintiff's Responses to Requests for Admissions;

12. Plaintiff's Responses to Requests for Production;

13. Plaintiff's Answers to Interrogatories;

14. Enhanced copy of the SMITH'S video;

15. Still prints from the SMITH'S video;

16. Blowups and/or overlayed copies of SMITH's video and/or prints.

Defendant reserves the right to utilize any or all of the medical records produced by either party in this case during this litigation. Defendant further reserves the right to utilize any documents produced or identified by Plaintiff during this litigation. Finally, Defendant reserves the right to offer documents necessary to impeach evidence provided by Plaintiffs at trial.

**The following documents may be marked as exhibits, but shall not be admissible in evidence at this time:**

None at this time.

**As to the following exhibits, the party against whom the same will be offered objects to their admission upon the grounds stated:**

The parties reserve the right to object to exhibits. The parties have agreed to reserve any such objections until the time of trial.

6

CLAC 6879596.1

**(A)** **Objections as to Plaintiff's exhibits:**

Counsel have discussed objections and each side has stipulated to authenticity of the medical records disclosed by either party during this litigation.

Defendant further sets forth below its objections to Plaintiff's exhibits.

**Plaintiff's Exhibit #1:** Relevance, hearsay. (Notwithstanding these objections, Defendant reserves the right to publish and/or read the Complaint for impeachment or rebuttal purposes.

**Plaintiff's Exhibit #5:** Relevance, lack of foundation, more prejudicial than probative.

**Plaintiff's Exhibit #3 – 12:** As previously stated, counsel for both parties have stipulated to the authenticity of the documents contained in these exhibits. This stipulation is conditioned on Plaintiff's attorney agreeing to not contest the authenticity of any medical records offered into evidence by Defendant at trial.

Notwithstanding the aforementioned stipulation, Defendant objects to any and all medical records offered by Plaintiff's attorney until and unless a foundation has been provided to establish, to a reasonable degree of medical probability, that the services rendered was reasonable, necessary and proximately caused by the accident involved in this litigation. Defendant also objects on the grounds of relevance, lack of foundation, and hearsay.

**Plaintiff's Exhibit #13:** Relevance, lack or foundation, hearsay, improper expert testimony not properly disclosed, and on the grounds that the information in the "cost estimate" can only be presented by live testimony at trial.

**Plaintiff's Exhibit #14:** No objection. Same as Defendant's exhibit #10.

**(B)** **Objections as to Defendant's exhibits:**

Plaintiff objects to any and all exhibits offered by Defendant's attorney until and unless a foundation has been provided. Plaintiff specifically objects to the correspondence sent by her counsel to Defendant's carrier and/or third party administrator as being violative of the collateral source rule as well as the rule excluding discussions of compromise.

**(C)** **Electronic evidence:** The parties anticipate utilizing the court's electronic evidence display system. The parties do not anticipate utilizing native electronic evidence but will be displaying video electronically. This includes the presentation of video electronically to the jury for deliberations.

7

CLAC 6879596.1

The parties will coordinate with the courtroom administrator as contemplated by the Local Rules.

**(D)** **Depositions:**

**Plaintiff:** Plaintiff has not taken any depositions to use at trial.

**Defendant:** Defendant intends to offer live testimony of designated witnesses at trial. Defendant does not anticipate offering any depositions unless a witness becomes unavailable at the time of trial. Defendant reserves the right to use any deposition at trial for purposes of impeachment.

**X.**

**WITNESSES**

The following witnesses may be called upon by the parties at trial:

**(A)** **Plaintiff's Witnesses:**

1. Kathy Verne, Plaintiff
   c/o Brice J. Crafton, Esq.
   DEAVER | CRAFTON
   810 East Charleston Blvd.
   Las Vegas, NV 89104

2. Smith's Food & Drug Center, Inc., Person(s) Most Knowledgeable
   c/o COOPER LEVENSON, P.A.
   3016 West Charleston Blvd., #195
   Las Vegas, NV 89102

3. Smith's Food & Drug Center, Inc., Custodian of Records
   c/o COOPER LEVENSON, P.A.
   3016 West Charleston Blvd., #195
   Las Vegas, NV 89102
   The Custodian of Records for

4. Custodian of Records and/or
   Person(s) Most Knowledgeable
   Dignity Health Emerus – Craig Ranch
   1550 W. Craig Road
   North Las Vegas, NV 89032

5. Custodian of Records and/or
   Person(s) Most Knowledgeable
   St. Rose Dominical North Las Vegas
   1550 W. Craig Road
   North Las Vegas, NV 89032
   Tel. (702) 777-3615

8

CLAC 6879596.1

6.     Custodian of Records and/or
       Person(s) Most Knowledgeable
       EMBCC Patient Services
       Tel. (888) 703-3301
       pcc@embcc.com

7.     Custodian of Records and/or
       Person(s) Most Knowledgeable
       Desert Orthopedic Center
       8205 W Arm Springs Road
       Las Vegas, NV 89113
       Tel. (702) 731-1616

8.     Custodian of Records and/or
       Person(s) Most Knowledgeable
       Las Vegas Radiology
       7500 Smoke Ranch Road, Site 100
       Las Vegas, NV 89128
       T. (702) 254-5004

9.     Custodian of Records and/or
       Person(s) Most Knowledgeable
       Spinal Rehabilitation Center – Buffalo Office
       911 N. Buffalo Drive, Suite 101
       Las Vegas, NV 89128
       T. (702) 629-3900

10.    Dr. Marlene Duffy, M.D.
        c/o Spinal Rehabilitation Center – Buffalo Office
        911 N. Buffalo Drive, Suite 101
        Las Vegas, NV 89128
        T. (702) 629-3900

11.    Custodian of Records and/or
        Person Most Knowledgeable
        Lyons Physical Therapy
        600 S. Tonopah Drive, Suite 230
        Las Vegas, NV 89106
        T. (702) 476-0222

12.    Custodian of Records and/or
        Person Most Knowledgeable
        Interventional Pain and Spine Institute
        851 South Rampart Blvd., Suite 100
        Las Vegas, NV 89145-4826
        T. (702) 357-8004

/ / /

9

CLAC 6879596.1

13. Dr. Jorg Rosler, M.D.
    c/o Interventional Pain and Spine Institute
    851 South Rampart Blvd., Suite 100
    Las Vegas, NV 89145-4826
    T. (702) 357-8004

14. Dr. Stuart Baird, M.D.
    c/o Interventional Pain and Spine Institute
    851 South Rampart Blvd., Suite 100
    Las Vegas, NV 89145-4826
    T. (702) 357-8004

15. Custodian of Records and/or
    Person Most Knowledgeable
    Las Vegas Neurosurgical Institute
    3012 S. Durango Drive
    Las Vegas, NV 89117-9186
    T. (702) 835-0088

16. Dr. Stuart S. Kaplan, M.D., FAANS
    c/o Las Vegas Neurosurgical Institute
    3012 S. Durango Drive
    Las Vegas, NV 89117-9186
    T. (702) 835-0088

17. Custodian of Records and/or
    Person Most Knowledgeable
    Surgical Arts Center
    9499 West Charleston Blvd., Ste. 250
    Las Vegas, NV 89117
    T. (702) 933-3600

Plaintiffs reserve the right to call rebuttal and/or impeachment witnesses

**(B)    Defendant's witnesses:**

1.  Kathy Verne, Plaintiff
    c/o Nathan S. Deaver, Esq.
    DEAVER & CRAFTON
    810 East Charleston Boulevard
    Las Vegas, NV 89104
    (702) 385-5969

2.  Marco Dominguez
    c/o Smith's Store No. 345
    5564 Camino Al Norte
    North Las Vegas, NV 89031
    (702) 399-0730

/ / /

10

3. Rosa Fairley
c/o Fred Meyer Store No. 286
101 Wellsian Way
Richard, WA  99352
(509) 943-8340

4. Keith Powell
c/o Smith's Store No. 345
5564 Camino Al Norte
North Las Vegas, NV 89031
(702) 399-0730

5. Store Director or other Knowledgeable Representative of SMITH'S
c/o COOPER LEVENSON, P.A.
3016 West Charleston Boulevard - #195
Las Vegas, NV 89102
(702) 366-1125

Defendant reserves the right to call any medical provider identified by Plaintiff during this litigation. Said medical provider may be called to lay a foundation for their records or to testify regarding their care and treatment rendered to Plaintiff.

Defendant also reserves the right to call any witness identified by Plaintiff.

## XII.

## TRIAL DATE

Counsel have met and herewith submit three (3) agreed-upon trial dates:

1. December 5, 2022
2. January 23, 2023
3. February 27, 2023

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

It is expressly understood by the undersigned that the court will set the trial of this matter on one of the agreed upon dates, if possible; if not, the trial will be set at the convenience of the Court's calendar.

## XIII.

## **TIME FOR TRIAL**

It is estimated that the trial herein will take a total of 3-5 days.

| DATED this 13th day of May, 2022. | DATED this 13th day of May, 2022. |
|---|---|
| Deaver & Crafton | Cooper Levenson, P.A. |
| /s/ Brice J. Crafton<br>Brice J. Crafton, Esq.<br>Nevada Bar No. 10558<br>810 East Charleston Boulevard<br>Las Vegas, Nevada 89104<br>Attorneys for Plaintiff | /s/ Jerry S. Busby<br>Jerry S. Busby, Esq.<br>Nevada Bar No. 1107<br>Andre T. Marques, Esq.<br>Nevada Bar No. 14737<br>3016 West Charleston Boulevard, Suite 195<br>Las Vegas, Nevada 89102<br>Attorneys for Defendant |

## XI.

## **ACTION BY THE COURT**

This case is set for court/jury trial on the fixed/stacked calendar on **December 5, 2022 at 9:00 a.m.** in 6A. Calendar call will be held on **November 30, 2022, at 1:30 p.m.**

DATED: May 20, 2022

_____
UNITED STATES DISTRICT JUDGE

CLAC 6879596.1